UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD O'NEAL BOWEN,

   Petitioner,

                    File No. 1:04-CV-107

v.

                    HON. ROBERT HOLMES BELL

KURT JONES, et al,

   Respondent.
                /

**ORDER OF TRANSFER**
**TO SIXTH CIRCUIT COURT OF APPEALS**

   This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is confined at the Richard A. Handlon Correctional Facility.

   Petitioner challenges the revocation of his probation on November 21, 1996. On March 16, 1999, after exhausting his state remedies on the majority of his constitutional claims, Petitioner filed in the Eastern District of Michigan his first petition for writ of habeas corpus challenging the probation revocation. That petition, which raised a series of due process claims, was dismissed on the merits on November 17, 1999. *See Bowen v. Garraghty*, 5:99-cv-60160 (E.D. Mich. Nov. 17, 1999).

   Thereafter, on June 6, 2000, Petitioner filed a motion for relief from judgment in the Genessee County Circuit Court, raising claims of ineffective assistance of counsel. The motion was denied on October 24, 2002, and Petitioner unsuccessfully appealed the denial to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan

Supreme Court denied leave to appeal on October 30, 2003. Petitioner filed the instant petition on February 17, 2004. In his second petition, Petitioner raises the now-exhausted claims of ineffective assistance of counsel.

Shortly after the instant petition was filed, this Court transferred the action to the Sixth Circuit for an order authorizing the district court to consider the application on the grounds that it was second or successive.[1] Upon review, the Sixth Circuit determined that no order authorizing a second or successive petition was necessary because the petition, while technically second, should not be construed as a second petition because the first petition was filed between the Sixth Circuit's decisions in *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1999), and *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004) (en banc). *See In re Bowen*, ___ F.3d ___, 2006 WL 146200 (6th Cir. Jan. 20, 2006). The Sixth Circuit therefore remanded the

---

[1] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). A prior dismissal on the merits has a preclusive effect under § 2244, and moreover, certain types of decisions reached before a merits determination also have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard).

action to this Court for proceedings consistent with its denial of the motion to file a second or successive petition.

In reaching its decision, the *Bowen* court discussed at length its decision in *Austin*, 200 F.3d 391. That decision held that, while the one-year statute of limitations for habeas petitions generally is tolled during the pendency of state post-conviction proceedings, such tolling applies only when the state post-conviction proceeding concerned at least one of the claims being made in the federal habeas petition. *See Bowen*, 2006 WL 146200, at *3 (citing *Austin*, 200 F.3d at 395). The *Austin* case ultimately was overruled by the Sixth Circuit's *en banc* decision in *Cowherd*, 380 F.3d 909. After *Cowherd*, any properly filed state post-conviction proceeding will toll the one-year statute of limitations, regardless of the claims being raised. The *Bowen* court reasoned that a petitioner filing his first petition during the period after *Austin* but before *Cowherd* could have perceived a dilemma. On the one hand, such a petitioner needed to file his habeas petition as to the exhausted claims because the statute of limitations would not be tolled by any state post-conviction proceeding invoked to exhaust those claims that had not yet been exhausted. *Bowen*, 2006 WL 146200, at **6-7. On the other hand, the petitioner was barred from raising the unexhausted claims until he had completed one full round of review in state court. *Id.* at *2 (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). The *Bowen* Court therefore held that when a petitioner filed his first petition during the time between the Sixth Circuit's decisions in *Austin* and *Cowherd*, and when he could not include all of his claims in the first petition because some claims were not

3

yet exhausted, the petitioner's technically second petition should not be considered "second or successive" within the meaning of 28 U.S.C. § 2244(b). *Id.* at *7. The court, however, carefully limited its holding:

> Of course, our decision affects only the numerically second petitions of those petitioners who properly presented federal habeas petitions in district courts in this circuit during the window between *Austin* and *Cowherd*, and had other claims that could not be exhausted concurrently with those claims.

*Id.* The Sixth Circuit therefore denied the motion for an order permitting the filing of a second or successive petition and remanded the case to this Court "for proceedings consistent with this opinion." *Id.*

This Court now is faced with applying the Sixth Circuit's decision in all of its relevant parts. In part, the *Bowen* court denied Petitioner's motion to file a second petition as unnecessary. In other part, the court directed this Court to apply the rule declared above on remand. This Court cannot follow both directions. In the instant case, Bowen's first habeas petition was filed nine months *before* the Sixth Circuit issued its decision in *Austin*. At the time he filed his first petition, this Court routinely permitted the tolling of the habeas statute of limitations for any properly filed state post-conviction proceeding. Petitioner Bowen, therefore, does not fall within the rule announced by the Sixth Circuit in *Bowen*, 2006 WL 146200, at *7. He simply is not a petitioner who filed a federal habeas petition "during the

window between *Austin* and *Cowherd*. His second petition, therefore is not saved by the exception set forth by the Sixth Circuit in *Bowen*.[2]

As a result, on remand, this Court is faced with the impossibility of applying all aspects of the Court of Appeals' decision. The Court cannot apply the rule of *Bowen* to its consideration of the petition while simultaneously construing the petition as not "second" under that rule. The Court therefore will apply only the legal rule adopted by the Sixth Circuit. Under that rule, this Court has no jurisdiction to consider the petition because it is a second petition.

In sum, in accordance with the Sixth Circuit's direction that this Court conduct proceedings consistent with *Bowen*, 2006 WL 146200, at *7, the Court necessarily must construe the petition as a second petition over which this Court has no jurisdiction. As a result, the appropriate disposition is to transfer the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore,

---

[2] Arguably, the Sixth Circuit may have been confused by an error in its first citation to *Austin*, in which the date of the decision was misstated. In footnote 1 of the opinion, the date of the *Austin* decision is misstated as "1991" rather than "1999." *See Bowen*, 2006 WL 146200, at *2 n.1 ("Bowen brought his original petition in federal court while *Austin v. Mitchell*, 200 F.3d 391 (6th Cir. 1991), overruled by *Cowherd v. Million*, 380 F.3d 909 (6th Cir. 2004), was the law of the circuit."). The Court notes that the citation dates used elsewhere in the opinion also are incorrect, mistakenly stating that the opinion was issued in 2000 rather than 1999.

IT IS ORDERED that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

Date:   February 16, 2006         /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE