UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

EDWARD O'NEAL BOWEN,

        Petitioner,

        Case No. 1:04-cv-107

v.

        Hon. Robert Holmes Bell

KURT JONES, et al.,

        Respondents.

_____/

**ORDER OF TRANSFER**

        This is an action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner filed his petition seeking habeas relief in this district on February 17, 2004. On March 2, 2004, this court transferred the petition to the Sixth Circuit Court of Appeals as a second or successive petition. The Sixth Circuit transferred the case back to this court. *See In re Bowen*, 436 F.3d 699 (6th Cir. 2006). On February 16, 2006, this court entered a second order transferring this petition to the Sixth Circuit as a second and successive petition. Once again, the Sixth Circuit transferred the case back to this court. This matter is now before the court on petitioner's motion to transfer proceedings to the United States District Court for the Eastern District of Michigan (docket no. 23). The motion was filed by the Federal Public Defender's office in the Eastern District of Michigan on petitioner's behalf. While respondents apparently told petitioner's counsel they opposed the motion, they chose not to file anything in opposition to it.

        Venue for a petition for habeas corpus brought pursuant to § 2254 is set forth in 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district

>court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Petitioner was convicted and sentenced in Genessee County, MI, which lies in the Eastern District. When he filed the petition, petitioner was incarcerated at a correctional facility located in the Western District, and chose to file suit in this court.

The change of venue provisions set forth in 28 U.S.C. § 1404(a) provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Petitioner points out that the state court, the record of the court proceedings and the potential witnesses are located in the Eastern District.

This is a rather unusual case. Normally, this court would retain a habeas case filed by a prisoner who was lodged in this district when he initiated the action. When the Sixth Circuit appointed petitioner's counsel in this case, however, that court chose the Federal Defender Office in the Eastern District to represent petitioner. *See In re: Edward O'Neal Bowen*, No. 04-1286 (6th Cir.) (docket entry 9/28/04). This preference was presumably because petitioner's trial occurred in the Eastern District. In addition, this court has granted the request of the Eastern District's Public Defender to continue as petitioner's counsel at the district court level. *See* docket no. 22.

Based upon this record, which indicates substantial involvement by the Federal Defender Office in Detroit and the desire of petitioner to continue to be represented by his present attorney, the court concludes that for the convenience of the parties and witnesses, and in the interest of justice, this matter should be transferred to the Eastern District.

Accordingly,

**IT IS ORDERED** that petitioner's motion is GRANTED and that this case is hereby transferred to the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).  The Clerk shall transmit the file forthwith to the Clerk of the Court in Detroit.


Dated:  March 15, 2007 /s/ Hugh W. Brenneman, Jr.
Hugh W. Brenneman, Jr.
United States Magistrate Judge